Pfeifer, J.,
dissenting.
*619 {¶ 46} Excessive focus on a single phrase or sentence of an extensive settlement document can lead to an unbelievably distorted interpretation. Unfortunately, that is what this court has done in this case. It has chosen to focus on the last part of the first sentence of paragraph 13 of the settlement agreement. I agree that that part of the sentence suggests that CCR member companies are severally liable. In fairness, however, this court should acknowledge that there are other provisions in the settlement agreement.
{¶47} Paragraph five of the settlement agreement provides that CCR will make 12 payments of approximately $10,000,000 each, depending on the number of qualifying claims. 'This provision is straightforward: CCR is responsible for a lump-sum payment. No provision in the settlement agreement provides for payment of less than this amount. The only mention in the settlement agreement of lesser payments is in paragraph 13, which gives the plaintiffs the discretion to declare the agreement null and void if they don’t receive full payment.
{¶ 48} When read in its entirety and in the context of the settlement agreement, it is clear that the first sentence of paragraph 13 merely defers to the producer agreement the allocation of CCR member payments. Pursuant to paragraph five, payments must approximate $10,000,000. The producer agreement also makes no mention of any eventuality in which less than the full amount can be paid to the plaintiffs. It is apparent from the agreement that the plaintiffs were not concerned with which CCR members made payments, only that the payments required by paragraph five be made. It is also apparent that the CCR members agreed to pay $10,000,000 on each payment date.
{¶ 49} I understand why the individual CCR members would like to avoid covering the shares of former CCR members that have declared bankruptcy. But their own agreement covers the situation before us. Not that this court will acknowledge it. Pursuant to paragraph 2(b) of Section III of the Producer Agreement, a participating producer is terminated from the agreement upon declaring bankruptcy. The agreement does not state that consequently that participating producer’s share of liability shall go unpaid. Instead, Section F of Attachment A to the Producer Agreement provides:
{¶ 50} “In the event that a Participating Producer shall * * * have its membership terminated * * *, the corresponding shares of the other Participating Producers shall be increased appropriately to pick up the shares of the * * * terminating Participating Producer.”
{¶ 51} This provision answers the very question before us. The majority opinion, which mentions the provision, essentially ignores it, relying on this specious logic: “[T]he Producer Agreement can be enforced only by the CCR companies.” This court should have looked at the entire agreement to determine the intent of the parties. Instead, it focused on part of one sentence and ignored *620 the inconvenient provisions that do not support its view of the case. I agree with the court of appeals, which stated:
Jones Day, Patrick F. McCartan, Mark Herrmann, and Mary Beth Young, for appellants Pfizer Inc., Quigley Company, Inc., and Dana Corp.
{¶ 52} “In our effort to harmonize and to give reasonable effect to all provisions in the parties’ agreement, we have concluded [that] the first sentence in Paragraph 13 of the settlement agreement, read in its entirety and in conjunction with other settlement provisions, imposes joint and several liability on the CCR members. Instead of reading this sentence as defining the members’ liability to the plaintiffs, as the CCR members propose, we read this sentence as defining the members’ liability vis-a-vis each other. The CCR members could have easily made themselves ‘severally’ bound to the plaintiffs by using that magic word, but they did not. See Corbin on Contracts § 925 (Interim Ed.2002) (The ‘assumption’ that the promisors mean to be bound ‘jointly’ can easily be overcome by adding words of ‘severance.’) It is rather disingenuous for the CCR members, who are sophisticated business entities and represented by able counsel, to now tout that sentence as manifestation of the parties’ intent to create several liability, when that purported intent could have easily been expressed by the use of the words ‘severally liable.’ ” (Italics sic.)
{¶ 53} This court is being similarly disingenuous in focusing on part of one sentence while essentially ignoring Section F of Attachment A to the producer agreement and the overall context of Paragraph 13 of the settlement agreement.
{¶ 54} The majority opinion suggests that the equities favor the producers. Let’s be serious. Even aside from the grievous health issues that the plaintiffs, not the producers, suffer, the producers are the parties that have violated the settlement agreement. The producers defaulted. There is no provision for partial payments. The producers made a partial payment in December 1999. There is no provision for no payment. The producers made no payment in December 2001 or thereafter. The producers should have submitted full payment and requested the court to escrow the disputed amount. Furthermore, the producers still haven’t fixed the December 1999 payment schedule among themselves, which also violates the settlement agreement. Concluding that the equities favor the producers is difficult to comprehend.
{¶ 55} Finally, the majority states that the jurisdictional issue is moot. It would be better to state the obvious, that the lower court had jurisdiction because the parties entered into an agreement and asked the court to determine certain aspects of it. I dissent.
*621 Vorys, Sater, Seymour & Pease, L.L.P., David S. Cupps and Richard D. Schuster, for appellants Amchem Products, Inc., CertainTeed Corp., Dana Corp., I.U. North America, Inc., Maremont Corp., National Service Industries, Inc., Nosroc Corp., and Union Carbide Corp.
Cooper & Walinski, L.P.A., and Richard S. Walinski, for appellant Dana Corp.
The Zagrans Law Firm Co., L.P.A., and Eric H. Zagrans; Marcus, Santoro & Kozac, P.C., Frank J. Santoro, Karen M. Crowley, and John M. Ryan Jr., for appellant C.E. Thurston & Sons, Inc.
Kelley & Ferraro, L.L.P., Michael V. Kelley and Thomas M. Wilson; Hahn Loeser & Parks, L.L.P., Robert J. Fogarty, Andrew S. Pollis, and Yuri R. Linetsky, for appellees.
Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, and Vladimir P. Belo, urging reversal for amici curiae, Ohio Manufacturers’ Association, Ohio Chapter of National Federation of Independent Business, and Ohio Chemistry Technology Council.